**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** *ex rel.* | * | |
| **BONNIE ELSDON,** | * | |
| | * | |
| *Qui tam* **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | **Civil Action No.: 4:18-cv-01766** |
| **U.S. PHYSICAL THERAPY, INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |

**ANSWER OF U.S. PHYSICAL THERAPY, INC. AND THE HALE HAND
CENTER LIMITED PARTNERSHIP TO AMENDED COMPLAINT**

Undersigned counsel for Defendants, U.S. Physical Therapy, Inc. ("USPT") and The Hale

Hand Center, Limited Partnership ("Hale") (collectively, "Defendants"), recently became aware

of an entry on PACER dated November 30, 2020, indicating that Defendants' Motion to Dismiss

had been denied. Defendants did not receive a copy of this Order through ECF or the mail, have

only recently learned of its existence, and did not obtain the Order until June 25, 2021. It is the

Defendants' understanding that the Relator was likewise unaware that the Order had issued. As

such, Defendants are now filing their Answer to the Amended Complaint, which Defendants

prepared promptly upon learning that the Court had denied their Motion to Dismiss. Defendants

answer the Relator's Amended Complaint as follows:

4829-6180-1967v9
5032357-094939 06/29/2021

1.      Paragraph 1 contains no factual allegations to which a response is required. To the extent that a response is required, Defendants[1] admit that Paragraph 1 characterizes the nature of Relator's allegations but deny the allegations.

2.      Denied.

3.      Paragraph 3 sets forth a legal conclusion to which no response is required.

4.      Paragraph 4 sets forth a legal conclusion to which no response is required.

5.      The first two sentences of Paragraph 5 set forth legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the third sentence of Paragraph 5. Defendants deny the allegations set forth in the fourth and fifth sentences of Paragraph 5.

6.      The first sentence of Paragraph 6 sets forth a legal conclusion to which no response is required. Defendants admit that the second sentence of Paragraph 6 characterizes the nature of Relator's allegations but denies the underlying truth of those allegations.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the current citizenship, residence, and licensure status of Relator. Defendants admit that Relator was a former employee of Hale at its outpatient facility in Rockledge, Florida.

8.      Defendants admit that Relator has purported to bring this action on behalf of the United States under 31 U.S.C. § 3730(b)(1), and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

---

[1] Paragraph 1 of the Amended Complaint defines "Defendants" to include USPT, Hale, as well as U.S. Physical Therapy, Ltd., Rehab Partners #2, and Suzanne Hale. Relator has voluntarily dismissed the latter three parties from this case, and so they are no longer Defendants. In responding to the Amended Complaint, USPT and Hale read the term "Defendants" as referring only to USPT and Hale and not to the parties who are no longer defendants in this action.

4829-6180-1967v9
5032357-094939 06/29/2021

9.      Admitted.

10.     Defendants admit that USPT, directly or through wholly owned subsidiaries, co-owns over 500 outpatient physical and occupational therapy clinics in the United States, and Defendants deny the balance of the allegations set forth in the first sentence of Paragraph 10. As to the second sentence of Paragraph 10, Defendants respond that they have made arrangements with a third-party company to make billing systems available to these clinics, and Defendants deny the balance of the allegations of the second sentence.

11.     Defendants respond that U.S. Physical Therapy, Ltd. has been voluntarily dismissed from this case, and therefore no response is required to Paragraph 11.

12.     Defendants respond that Rehab Partners #2, Inc. has been voluntarily dismissed from this case, and therefore no response is required to Paragraph 12.

13.     Admitted.

14.     Defendants respond that Suzanne Hale has been voluntarily dismissed from this case, and therefore no response is required to Paragraph 14.

15.     Defendants admit that USPT and Suzanne Hale each own percentages of Hale and that Rehab Partners #2, Inc. owns 1% of Hale, and Defendants deny the balance of the allegation of Paragraph 15.

16.     Paragraph 16 sets forth legal conclusions to which no response is required.

17.     Paragraph 17 sets forth legal conclusions to which no response is required.

18.     Paragraph 18 sets forth legal conclusions to which no response is required.

19.     The first four sentences of Paragraph 19 set forth legal conclusions to which no response is required. Defendants deny the allegations set forth in the fifth sentence of Paragraph 19.

3

20.     Paragraph 20 sets forth legal conclusions to which no response is required. To the extent that a response is required: denied.

21.     Paragraph 21 sets forth a legal conclusion to which no response is required.

22.     Denied.

23.     Defendants deny the allegations set forth in the first sentence of Paragraph 23. Defendants admit the balance of the allegations of Paragraph 23.

24.     Admitted.

25.     Admitted.

26.     Defendants admit that Exhibit A appears to be a collection of search results from CMS's physician fee schedule accessed on March 12, 2018 and February 17, 2018, but are unable to determine from Paragraph 26 or Exhibit A the applicable year for each fee schedule, and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26.

27.     Defendants deny the allegations set forth in the fourth sentence of Paragraph 27. As to the balance of the allegations, Defendants admit that Paragraph 27 describes conduct that a dishonest and fraudulent health care provider could undertake, but Defendants deny any implication that they engaged in the conduct described in this Paragraph.

28.     Admitted.

29.     Paragraph 29 sets forth legal conclusions to which no response is required.

30.     Paragraph 30 sets forth legal conclusions to which no response is required.

31.     Paragraph 31 sets forth legal conclusions to which no response is required.

4

32.     Defendants admit that the first, third, and fourth sentences of Paragraph 32 characterize the nature of Relator's allegations, but Defendants deny the allegations. Defendants deny the allegations set forth in the second sentence of Paragraph 32.

33.     Denied.

34.     Defendants admit the allegations set forth in the first four sentences of Paragraph 34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fifth sentence of Paragraph 34.

35.     Defendants admit that as part of her usual and customary duties, Relator was required to designate in the patient's chart the CPT codes for the patient services that she provided and, in some cases, the amount of time that she treated each patient, and Defendants deny the balance of the allegations set forth in the first sentence of Paragraph 35. As to the second sentence, Defendants admit that the CPT codes, the number of units of treatment, and the total treatment time and total time-based time were each recorded on the patient's encounter note that Hale used as part of the patient's chart, and deny the balance of the allegations of that sentence.

36.     As to the first sentence of Paragraph 36, Defendants admit that Relator and the other therapists who worked for Hale submitted the completed treatment encounter note with the number of units for a particular CPT code to be billed to the front office personnel, and Defendants deny the balance of the allegations of that sentence. Defendants admit the allegations set forth in the second sentence of Paragraph 36. Defendants deny the allegations set forth in the third sentence of Paragraph 36.

37.     Defendants admit the allegations set forth in the first sentence of Paragraph 37, and deny the allegations set forth in the second and third sentences of Paragraph 37.

4829-6180-1967v9
5032357-094939 06/29/2021

38.     Defendants deny that any of the OTs at issue in this case worked for USPT, and, as to the OTs working for Hale, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 38. Defendants deny the allegations set forth in the second sentence of Paragraph 38. Defendants deny the allegations set forth in the third sentence of Paragraph 38. As to the fourth sentence of Paragraph 38, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. The fifth sentence is a legal citation to which no response is required. The sixth sentence of Paragraph 38 incorrectly assumes that prior treatment records need to be corrected, which Defendants deny, and therefore Defendants deny the entirety of the allegation of the sixth sentence of Paragraph 38.

39.     Defendants deny that any overbilling occurred, and therefore deny the allegations set forth in Paragraph 39, which presuppose acts of overbilling.

40.     Denied.

41.     Defendants deny the allegations set forth in the sixth sentence of Paragraph 41, and Defendants admit the balance of the allegations.

42.     Admitted.

43.     Admitted.

44.     Paragraph 44 sets forth a legal conclusion to which no response is required. To the extent that a response is required: Denied.

45.     Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent that a response is required: Denied.

46.     Denied.

4829-6180-1967v9
5032357-094939 06/29/2021

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47.

48.     Denied.

49.     Denied.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegation that she took steps to further understand the billing process, and Defendants deny the balance of the allegations set forth in Paragraph 50.

51.     Defendants deny the allegations set forth in the first and second sentences of Paragraph 51. As to the third sentence of Paragraph 51, Defendants admit that Relator resigned her position, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the third sentence.

52.     Denied.

53.     Denied.

54.     Defendants deny that any fraud occurred, and therefore deny the allegations of Paragraph 54.

55.     Defendants deny any ruses occurred, and therefore deny the allegations of Paragraph 55.

56.     Denied.

57.     Defendants admit that patient A.A., a Medicare patient, was scheduled for and began treatment at or about 8:00 a.m., and deny the balance of the allegations of the first sentence of Paragraph 57. Defendants deny the allegations of the second and third sentences of Paragraph 57. As to the fourth sentence of Paragraph 57, Defendants admit that Medicare was billed four units of therapeutic exercise, but Defendants deny any implication that this was improper through

4829-6180-1967v9
5032357-094939 06/29/2021

Relator's use of the opening word "[i]nstead." Defendants deny the allegations set forth in the fifth sentence of Paragraph 57.

58. Defendants admit that patent J.H., who had workers' compensation insurance, was scheduled for and began treatment at or around 10:00 a.m. for approximately 50 minutes of treatment, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 58. Defendants deny the allegations set forth in the second, third, and fourth sentences of Paragraph 58. As to the fifth sentence of Paragraph 58, Defendants admit that R.B. was billed two units of therapeutic exercise, but Defendants deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations set forth in the sixth sentence of Paragraph 58.

59. Defendants admit that Patient J.C., who had private insurance, was scheduled for and began treatment at or around 12:00 p.m., and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 59. Defendants deny the allegations set forth in the second sentence of Paragraph 59. Defendants deny the allegations set forth in the third sentence of Paragraph 59, specifically that A.J. was "falsely" placed on the original version of the schedule at 6:00 p.m. As to the allegations set forth in the fourth sentence of Paragraph 59, Defendants admit that A.J. signed in at 12:25 p.m. and that the sign-in sheet is crossed out with the notation "wrong time," and deny the balance of the allegations of the fourth sentence. Defendants deny the allegations set forth in the fifth sentence of Paragraph 59. As to the sixth sentence of Paragraph 59, Defendants admit that A.J.'s time was moved to 3:00 p.m., but Defendants deny any implication of wrongdoing in that adjustment. As to the seventh sentence of Paragraph 59, Defendants admit that Patient D.W. was scheduled for and began treatment at or around 1:00 p.m. and was seen for approximately 40 minutes of one-on-one

8

treatment and 10 minutes of group, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the seventh sentence of Paragraph 59. Defendants deny the allegations of the eighth and ninth sentences of Paragraph 59. As to the tenth sentence of Paragraph 59, Defendants admit that A.J. was billed 3 TE and 1 MT, but Defendants deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations of the eleventh sentence of Paragraph 59.

60.     Defendants admit the allegations set forth in the first sentence of Paragraph 60 and deny the allegations set forth in the second and third sentences of Paragraph 60.

61.     Denied.

62.     Defendants deny the allegations set forth in the first sentence of Paragraph 62. As to the second sentence of Paragraph 62, Defendants admit that the records attached in Exhibit B show that Patient L.P., a Medicare Health Plan patient, checked in at 3:50 p.m., and state that they lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of that sentence. As to footnote 3 of Paragraph 62, Defendants admit the allegations set forth in the first sentence of that footnote, and state that the balance of the footnote characterizes the Relator's purported logic in making her calculations, but Defendants deny any overbilling occurred. Defendants deny the allegations of the third sentence of Paragraph 62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fourth sentence of Paragraph 62. As to the fifth sentence of Paragraph 62, Defendants admit that L.P. was seen for approximately 55 minutes of treatment but deny that this overlapped with J.B.'s treatment in the manner alleged. Defendants deny the allegations set forth in the sixth sentence of Paragraph 62. Defendants admit the allegations set forth in the seventh sentence of Paragraph 62. Defendants deny the allegations set forth in the eighth sentence of Paragraph 62.

9

63.     Defendants admit that Patient J.B. was billed two units for therapeutic exercise and deny the balance of the allegations of Paragraph 63.

64.     Defendants admit that J.P., a Tricare patient, was scheduled for and began treatment at or around 8:00 a.m. and received heat therapy and approximately 55 minutes of therapeutic exercise, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 64. Defendants admit that M.O., a patient with private healthcare coverage, arrived at or around 8:42 a.m. and thereafter received heat therapy and approximately 50 minutes of therapeutic exercise, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the second sentence of Paragraph 64. As to the third sentence of Paragraph 64, Defendants admit that OT Whitney Green indicated on M.O.'s note that she delegated 20 minutes of treatment to OT Bonnie Elsdon and deny the balance of the allegations in that sentence. Defendants deny the allegations set forth in the fourth sentence of Paragraph 64. As to the fifth sentence of Paragraph 64, Defendants admit that Tricare was billed four units of therapeutic exercise, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations of the sixth sentence of Paragraph 64.

65.     Defendants deny the allegations set forth in the first sentence of Paragraph 65. As to the second sentence, Defendants admit that the computer schedule attached as Exhibit B shows that she was scheduled for treatment at 5:00 p.m. Defendants deny the allegations set forth in the third sentence of Paragraph 65. Defendants deny the allegations set forth in the fourth sentence of Paragraph 65. As to the fifth sentence, Defendants respond that the sign-in sheet shows M.B. signed in for some time after 3:50 p.m., and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation of who wrote M.B.'s name. Defendants deny the

10

allegations set forth in the sixth, seventh, and eighth sentences of Paragraph 65. As to the ninth sentence of Paragraph 65, Defendants admit that Medicare was billed for one unit of therapeutic exercise and one unit of group therapy, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations of the tenth sentence of Paragraph 65.

66. Defendants admit that T.B., a VA patient, was scheduled for and checked in for treatment on or about 2:00 p.m., and lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 66. Defendants deny the allegations of the second, third, fourth, and fifth sentence of Paragraph 66. As to the sixth sentence of Paragraph 66, Defendants admit that VA was billed for four units of therapeutic exercise, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations of the seventh sentence of Paragraph 66.

67. Defendants admit that A.M. has private insurance and that his insurance was billed for one unit (10 minutes), deny that the billing was in order to create a false record that showed no overlap with a Medicaid patient, and lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 67. As to the second sentence of Paragraph 67, Defendants deny that A.K.'s treatment overlapped and lack knowledge or information sufficient to form a belief about the truth of the allegations concerning A.K.'s precise treatment times. As to the third sentence of Paragraph 67, Defendants admit that Whitney Greene provided a Moderate Complexity Evaluation for 15 minutes and deny the balance of the allegations of that sentence. Defendants admit the allegations of the fourth sentence of Paragraph 67. Defendants deny the allegations of the fifth sentence of Paragraph 67. As to the sixth sentence of Paragraph 67, Defendants admit that Medicare was billed 1 unit of Evaluation

11

Moderate Complexity and DME, but deny any implication that this was improper through Relator's use of the opening word "[h]owever." Defendants deny the allegations of the seventh sentence of Paragraph 67.

68. Defendants admit that M.D., a private insurance patient, was scheduled for and began treatment at or around 2:30 p.m., started with heat, and was treated for approximately 53 minutes for an approximate total of 58 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 68. As to the second sentence of Paragraph 68, Defendants admit that L.K., who has Tricare, was scheduled for and began treatment on or about 3:00 p.m., started treatment with heat and was treated for approximately 25 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the second sentence of Paragraph 68. Defendants deny the allegations of the third and fourth sentences of Paragraph 68. As to the fifth sentence of Paragraph 68, Defendants admit that L.K. was billed two units of therapeutic exercise, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations of the sixth sentence of Paragraph 68.

69. Denied.

70. Defendants admit that L.P., a Medicare Health Plan patient, was scheduled for and began treatment at or about 11:00 a.m., and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 70. Defendants admit that Relator co-signed as treating patient P.J. for 25 minutes, and Defendants deny the balance of the allegations of the second sentence of Paragraph 70. Defendants deny the allegations set forth in the third sentence of Paragraph 70. As to the fourth sentence of Paragraph 70, Defendants admit that L.P.'s insurer was billed 3 units of therapeutic exercise, but deny any

12

implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the allegations of the fifth sentence of Paragraph 70.

71.     Defendants admit that J.H., who has private insurance, was scheduled for and began treatment at or around 8:30 a.m., started with heat therapy and was treated for approximately 50 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 71. Defendants admit that N.C., a Medicare Health Plan patient, was scheduled for and began treatment at or around 9:00 a.m. and was billed for four units of treatment, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 71. Defendants deny the allegations set forth in the third and fourth sentences of Paragraph 71. As to the fifth sentence of Paragraph 71, Defendants admit that N.C.'s insurer was billed four units of therapeutic exercise, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the sixth sentence of Paragraph 71.

72.     Defendants admit that A.N., a Tricare patient, started treatment with approximately 10 minutes of dry whirlpool and was treated for approximately 40 minutes, but respond that A.N. was not scheduled for treatment until 7:30 a.m. and therefore deny the balance of the allegations set forth in the first sentence of Paragraph 72. Defendants admit that patient O.J., who has private insurance, was scheduled for and began treatment at or about 7:00 a.m., started with approximately 10 minutes of dry whirlpool, and was treated for approximately 40 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the second sentence of Paragraph 72. Defendants deny the allegations set forth in the third, fourth, fifth, and sixth sentences of Paragraph 72. As to the seventh sentence of Paragraph 72, Defendants admit that A.N. was billed 1 dry whirlpool, 1 ultrasound, 1 therapeutic exercise, and 1

13

therapeutic activity, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the eighth sentence of Paragraph 72.

73.     Defendants admit that patient J.C. was scheduled for and began treatment at or about 8:00 a.m., started treatment with approximately 10 minutes of dry whirlpool and was then treated for approximately 40 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 73. Defendants admit that patient S.V., a Tricare patient, was scheduled for and began treatment at or around 8:30 a.m. with heat and was treated for approximately 40 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the second sentence of Paragraph 73. Defendants deny the allegations set forth in the third and fourth sentences of Paragraph 73. As to the fifth sentence of Paragraph 73, Defendants admit that S.V. was billed for three units of therapeutic exercise, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the sixth sentence of Paragraph 73.

74.     Defendants admit that Patient L.P. has Medicare and received 30 minutes of treatment, and Defendants deny the balance of the allegations of the first sentence of Paragraph 74. As to the second sentence of Paragraph 74, Defendants admit that Patient T.B., a VA patient, was receiving treatment at or around 2:40 p.m., but deny any implication that this treatment was concurrent with Patient L.P.'s treatment. As to the third sentence of Paragraph 74, Defendants admit that Patient D.H. was a self-paying patient and signed in and began receiving treatment at or around 2:45 p.m., started treatment with approximately 10 minutes of dry whirlpool and then approximately 25 minutes of therapeutic exercise, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of that sentence.

14

Defendants deny the allegations of the fourth sentence of Paragraph 74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fifth sentence of Paragraph 74. Defendants admit the allegations set forth in the sixth sentence of Paragraph 74. Defendants deny the allegations set forth in the seventh sentence of Paragraph 74. As to the eighth sentence of Paragraph 74, Defendants admit that T.B. was properly charged and deny the balance of the allegations of that sentence. Defendants deny the allegations set forth in the ninth sentence of Paragraph 74. As to the tenth sentence of Paragraph 74, Defendants admit that L.P. was billed for 1 unit of manual therapy and 1 unit of group therapy, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the eleventh sentence of Paragraph 74.

75. Defendants admit that Patient J.T., who has private insurance, was scheduled for and began evaluation and treatment at or around 10:30 a.m. for approximately 60 minutes, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 75. Defendant admit that Patient M.T., who has Medicare, was scheduled for and began evaluation and treatment at or around 11:00 a.m. with approximately 10 minutes of dry whirlpool and approximately 40 minutes of treatment, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the second sentence of Paragraph 75. Defendants deny the allegations set forth in the third, fourth, and fifth sentences of Paragraph 75. As to the sixth sentence of Paragraph 75, Defendants admit that M.T. was billed 1 dry whirlpool, 2 units of therapeutic exercise, and 1 unit of manual therapy, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the seventh sentence of Paragraph 75.

15

76.     Defendants admit that Patient D.S. has VA coverage, and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the first sentence of Paragraph 76. Defendants deny that D.S. began treatment at 2:00 p.m., and Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations of the second sentence of Paragraph 76. Defendants deny the allegations of the third and fourth sentences of Paragraph 76. Defendants admit that D.S. was treated with heat and approximately 20 minutes of electronic stimulation and then had approximately 38 minutes of treatment time, and Defendants lack knowledge or information sufficient to form a belief about the truth the balance of the allegations of the third and fourth sentences. Defendants admit the T.D. is insured by United Healthcare and was scheduled for and began treatment at or about 2:30 p.m., and Defendants deny the balance of the allegations of the seventh sentence of Paragraph 76. As to the eighth sentence of Paragraph 76, Defendants admit that 15 minutes of treatment was noted and deny the balance of the allegations of that sentence. Defendants deny the allegations of the ninth and tenth sentences of Paragraph 76. As to the eleventh sentence of Paragraph 76, Defendants admit that S.D. was billed 1 unit of electronic stimulation, 1 unit of ultrasound, 1 unit of therapeutic exercise, and 1 unit of manual therapy, but deny any implication that this was improper through Relator's use of the opening word "[i]nstead." Defendants deny the twelfth sentence of Paragraph 76.

77.     Denied.

78.     Defendants deny any manipulation of the schedule to avoid group billing, and therefore deny the allegations set forth in Paragraph 78.

79.     Denied.

80.     Denied.

16

81.     Defendants admit that USPT created the group billing handout attached as Exhibit H to the Amended Complaint, and Defendants deny the allegations set forth in the first sentence of Paragraph 81. As to the second sentence of Paragraph 81, Defendants admit that the sentence correctly quotes Guideline 4 in Exhibit H and deny the balance of the allegations of that sentence. Defendants deny the allegations set forth in the third and fourth sentence of Paragraph 81. Defendants deny the allegations set forth in the fifth sentence of Paragraph 81. As to the sixth and seventh sentences set forth in the parenthetical at the end of Paragraph 81, Defendants admit that they billed group therapy appropriately and deny the balance of the allegations.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Admitted.

86.     Defendants admit that a file with all of the billing sheets the therapists had turned in and the receipts from copays would be given to Debra Yanelli, who would create summary forms of the day's billing, and Defendants deny the balance of the allegations in the first sentence of Paragraph 86. Defendants admit that the financial summary forms would be transmitted to USPT, and Defendants deny the balance allegations set forth in the second sentence of Paragraph 86.

87.     Denied.

88.     Defendants deny the allegations of the first sentence of Paragraph 88. As to the second sentence of Paragraph 88, Defendants admit that USPT employee Vicki Whitaker had the title of Business Office Liaison and deny the balance of the allegations.

4829-6180-1967v9
5032357-094939 06/29/2021

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 89.

90.     Defendants admit that in 2017 Ms. Greene attended a management training session at USPT in Texas, and Defendants deny the balance of the allegations of Paragraph 90.

91.     Defendants admit the allegations set forth in the first sentence of Paragraph 91. As to the second sentence of Paragraph 91, Defendants admit that USPT employees would perform internal audits at the Hale clinics and provide feedback to Whitney Greene, Debbie Yanelli, and Sue Hale, and Defendants deny the balance of the allegations of that sentence.

92.     Defendants deny the allegations of Paragraph 92 to the extent that the use of the adjective "'official,'" in quotes, implies that there were multiple versions of the schedule, and Defendants admit the balance of the allegations of Paragraph 92.

93.     Denied.

94.     Defendants admit that USPT provided educational materials to Hale and the Exhibits H and J are examples of such materials, and Defendants deny the balance of the allegations of Paragraph 94.

95.     Defendants deny that private insurers were underbilled in order to overbill for Medicare and Tricare patients, and Defendants therefore deny the allegations set forth in paragraph 95.

96.     Defendants admit that Debra Yanelli was an employee of Hale and deny the balance of the first sentence of Paragraph 96. Defendants deny the allegations of the second sentence of Paragraph 96. Defendants deny the allegations set forth in the third and fourth sentences of Paragraph 96.

18

97. Defendants deny that the schedule was manipulated and therefore deny the allegations set forth in the first sentence of Paragraph 97. Defendants admit the allegations set forth in the second sentence of Paragraph 97.

98. Denied.

99. Defendants admit the allegations set forth in the first two sentences of Paragraph 99 and deny the allegations set forth in the third sentence of Paragraph 99.

100. Defendants admit that there is a difference between billing for services based on a group CPT code and a one-on-one CPT code. Defendants are not able to discern what is meant by "significant" in Paragraph 100 and therefore deny the balance of the allegations.

101. Denied.

102. Denied.

103. Defendants deny that overcharging occurred and therefore deny the entirety of the allegations of Paragraph 103.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Defendants admit that Paragraph 112 characterizes the nature of Relator's allegations but deny the allegations.

19

113.     Defendants incorporate their responses to Paragraphs 1 to 111.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Defendants admit that Paragraph 119 characterizes the nature of Relator's allegations but deny the allegations.

120.     Defendants incorporate their responses to Paragraphs 1 to 111.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Defendants admit that Paragraph 119 characterizes the nature of Relator's allegations but deny the allegations.

127.     Defendants incorporate their responses to Paragraphs 1 to 111.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

4829-6180-1967v9
5032357-094939 06/29/2021

134. Defendants admit that Paragraph 134 characterizes the nature of Relator's allegations but deny the allegations.

135. Defendants incorporate their responses to Paragraphs 1 to 111.

136. Denied.

137. Denied.

101 [sic].[2]    Denied.

All allegations not specifically addressed above are hereby denied.

## <u>AFFIRMATIVE DEFENSES</u>

1. Relator's claims are barred because each Defendant, at all times relevant hereto, complied with all applicable laws and regulations.

2. Relator is barred from obtaining relief against either Defendant because each Defendant's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law.

3. The Amended Complaint is barred because neither Defendant knowingly presented or caused a false or fraudulent claim to be presented for payment or approval.

4. No act or omission by either Defendant was malicious, willful, wanton, reckless or made with intent to violate any statute or law

5. The Amended Complaint is barred because neither Defendant knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim.

6. The Amended Complaint fails to sufficiently allege materiality that any alleged fraudulent act or statement by either Defendant was material to the Government's decision to pay

---

[2] The 138th Paragraph of the Amended Complaint is misnumbered as Paragraph 101.

4829-6180-1967v9
5032357-094939 06/29/2021

the allegedly fraudulent claims as required by *United Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. __, 136 S.Ct. 1989 (2016). The Amended Complaint likewise fails to sufficiently allege "factual content that allows the court to draw the reasonable inference that either defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (internal citations omitted). *Escobar* makes clear that the mere failure to comply with a statutory, regulatory, or contractual requirement is not actionable.

7.  The damages and/or penalties sought in the Amended Complaint are in excess of any actual damages suffered by the Government and the Complaint violates the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. The damages and/or penalties sought would constitute excessive fines, are a criminal or quasi-criminal confiscation, and are a taking of either defendant's property without due process thus violating each Defendant's due process and equal protection rights afforded under the United States Constitution.

8.  To the extent that any Medicare benefits were overpaid to either Defendant, any damages should be offset by the value of goods provided.

9.  Defendants are not legally responsible for any acts or omissions alleged that were undertaken by employees, subcontractors, or others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, or without the knowledge of persons having legally sufficient levels of responsibility or authority within the Defendants' companies.

10. All possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable inquiry upon the filing of this Answer and, therefore Defendants reserves the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

4829-6180-1967v9
5032357-094939 06/29/2021

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.      Relator takes nothing by reason of her Amended Complaint and that the same be dismissed with prejudice.

2.      Judgment be awarded in each Defendant's favor and that Relator be awarded nothing.

3.      For their costs of suit incurred in the defense of this suit; and

4.      For such other relief as the Court deems proper.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Michael E. Clark*
Michael E. Clark
Fed. Id. No. 1785
Texas Bar No. 04293200
1301 McKinney St., Suite 3700
Houston, Texas 77010
mclark@bakerdonelson.com
Telephone: (713) 286-7169

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

4829-6180-1967v9
5032357-094939 06/29/2021

**CERTIFICATE OF SERVICE**

On June 29, 2021, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court for the Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael E. Clark*
MICHAEL E. CLARK

4829-6180-1967v9
5032357-094939 06/29/2021