UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.*<br>      BONNIE ELSDON,<br><br>*Qui tam* Plaintiff,<br><br>v.<br><br>U.S. PHYSICAL THERAPY, INC and THE HALE HAND CENTER, LIMITED PARTNERSHIP,<br><br>Defendants.<br>_____/ | C.A. No. 4:18-cv-01766<br><br>JURY TRIAL DEMANDED |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Qui tam* relator Bonnie Elsdon ("Relator") hereby files this Motion to Strike the Affirmative Defenses of U.S. Physical Therapy, Inc. ("USPT") and The Hale Hand Center, Limited Partnership ("The Hale Hand Center" or "Hale") (all collectively "Defendants"), and in support states as follows:

**I.     INTRODUCTION**

On May 25, 2018, Relator filed the original *qui tam* Complaint (D.E. 1) and served it on the Government on or around May 25, 2018.  Relator filed the Amended Complaint (hereinafter "Complaint") with redacted exhibits on January 23, 2019 (D.E. 5).  In short, Relator alleges that she was hired by The Hale Hand Center in March of 2015 and she eventually came to discover, *inter-alia,* that USPT and Hale conspired to and did charge Government healthcare plans an inflated rate for treatment to patients given in groups by charging as though it had been given individually, violating law and regulation.

On November 30, 2020, the Defendants' Motion to Dismiss was denied (D.E. 29). The Defendants filed their Answer and Affirmative Defenses ("Answer" and "Affirmative Defenses" respectively) on June 29, 2021 (D.E. 30). Except for the seventh affirmative defense, the remaining affirmative defenses are insufficient as a matter of law and should be stricken.

## II.     LEGAL STANDARD

A motion to strike material from a pleading is made under Rule 12(f) , which allows a court to strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted. If it does not involve a purportedly insufficient defense, it simply tests whether a pleading contains inappropriate material. When a Rule 12(f) motion to strike challenges the sufficiency of an affirmative defense, the standards for a Rule 12(f) motion to strike and a Rule 12(b)(6) motion to dismiss are 'mirror image[s.]'" *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, CIVIL ACTION No. H-09-2582, at *9 (S.D. Tex. May 28, 2010).

Likewise, a "'boilerplate' defensive pleading is insufficient under Federal Rule of Civil Procedure 8(c)." *Woodfield*, 193 F.3d at 361; *see also Willins v. Credit Sols. of Am., Inc.,* No. 3:09-CV-1025-M, 2010 WL 624899, at *1 (N.D. Tex. 2010) (striking affirmative defense that was "boilerplate assertion devoid of factual support."). An affirmative defense that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.*  Additionally, a party "may not plead a defense for which there is no good faith factual basis." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *3 (S.D. Tex. July 24, 2017).

Further, as the United States Supreme Court held, "[T]he Rules require a short plain statement of the claim [here, defense] that will give fair notice of what [it] is and the grounds upon which it rests."). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). Courts agree that affirmative defenses must provide a plaintiff with "fair notice" of the defense, regardless of whether they are applying the Twombly/Iqbal standard[1] or a more liberal pleading standard. *Compare Palmer* (holding that the Twombly/Iqbal standard applies because "[w]ith complaints and with defenses, the purpose of pleading requirements is the same. It is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case.") *with Craten*, 2016 U.S. Dist. LEXIS 83043, at *8 ("[T]he Court joins others in this District and concludes that Twombly and Iqbal do not govern affirmative defenses. Rather, '[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'") (*quoting Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). A "defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced so that the plaintiff is not a victim of unfair surprise." *Hill Country Bakery*, 2017 U.S. Dist. LEXIS 221761, at *12 (quotation marks and citation omitted).

---

[1] "[F]ederal courts have been split over whether *Twombly* and *Iqbal* extend to affirmative defenses." *See Craten v. Foster Poultry Farms Inc.*, 2016 U.S. Dist. LEXIS 83043, at *4-5 (D. Ariz. June 24, 2016) (collecting cases from federal District Courts throughout the country). "[T]he considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal* strongly suggest that the same heightened pleading standard should also apply to affirmative defenses." *Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *15 (W.D. Va. June 24, 2010).

In *Hill Country*, Judge Ezra applied the "fair notice" standard and struck a number of affirmative defenses because the "broad and generic recitations of equitable defenses, without any facts to support them, [were] insufficient to give [the plaintiff] fair notice as to how its conduct gave rise to such defenses." *Id.* at *14. "[C]ourts have generally found that the simple listing of equitable defenses 'falls well short of the minimum particulars needed to identify the affirmative defenses in question.'" *Id.* at *13 (citing *Trevino v. RDL Energy Servs., L.P.*, No. Civ. A. H-14-1936, 2017 U.S. Dist. LEXIS 46716, at *4 (S.D. Tex. Mar. 29, 2017)). Baldly stating affirmative defenses "falls well short of the minimum particulars needed to identify the affirmative defense in question." *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

### III.  ARGUMENT

"Granting a motion to strike may 'streamline the pleadings and the litigation and [ ] avoid unnecessary inquiry into immaterial matters." *Hill Country Bakery v. Honest Kitchens Group*, 2017 U.S. Dist. LEXIS 221761, at *5 (*quoting Baytown Christian Fellowship Church v. Underwriters at Lloyds, London*, 2012 U.S. Dist. LEXIS 106694 (S.D. Tex. July 31, 2012)).

A court may strike an affirmative defense under Fed. R. Civ. P. 12(f) "when the defense is insufficient as a matter of law." *F.T.C. v. Liberty Supply Co.*, No. 4:15-CV-829, 2016 WL 4063797, at *3 (E.D. Tex. July 29, 2016); *see also Thompson v. Law Office of Joseph Onwuteaka, PC*, No. H-13-0441, 2013 WL 4787777, at *2 (S.D. Tex. Sept. 9, 2013) ("Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance."); Fed. R. Civ. P. 12(f) ("The court may strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

As is shown below, contrary to the requirements of Fed. R. Civ. P. 8, Defendants failed to set forth any factual basis in their Answer to support any of their ten asserted affirmative defenses. *See* Answer (Doc. 31) at p. 21-22 ¶¶ 1-10. Instead, Defendants simply make various bare-bones assertions, billed as affirmative defenses, without specifying what conduct they are referring to or how these vague legal concepts are affirmative defenses. *See id.* Further, by listing generic and vague affirmative defenses—without any facts, details, or support—Defendants failed to provide Plaintiff the required "fair notice" of their defenses and the grounds on which they rest.

### A. Defendants' First Affirmative Defense Fails as a Matter of Law

The Defendants' First Affirmative Defense asserts: "Relator's claims are barred because each Defendant, at all times relevant hereto, complied with all applicable laws and regulations."

This purported affirmative defense is merely an unsupported, implausible denial. As such it fails as a matter of law. Relator's allegations describe in detail various conduct that contravenes "applicable laws and regulations". The Defendants' defense that at "at all times relevant" they complied with all applicable laws and regulations merely repeats their denials to the paragraphs and counts where Relator puts forth well-pled specific violations of specific law. *See* Answer at ¶¶ 8, 33, 105, 109, 112-137. Further, this purported affirmative defense fails to provide the Relator with even remotely specific or factual particularity sufficient to give fair notice of the defense. As such, this boilerplate assertion purported to be an affirmative defense should be stricken.

### B. Defendants' Second Affirmative Defense Fails as a Matter of Law

The Defendants' Second Affirmative Defense asserts: "Relator is barred from obtaining relief against either Defendant because each Defendant's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law."

This purported defense fails for all of the reasons that the Defendants' First Affirmative Defense fails. This vague assertion should likewise be stricken.

### C. Defendants' Third Affirmative Defense Fails as a Matter of Law

The Defendants' Third Affirmative Defense asserts: "the Amended Complaint is barred because neither Defendant knowingly presented or caused a false or fraudulent claim to be presented for payment or approval."

Here, the Defendants' affirmative defenses turn to the disfavored "formulaic recitation of the elements of a cause of action". The gist of Relator's well-pled allegations, that have withstood the Defendants' Motion to Dismiss, is that the Defendants *did in fact* knowingly cause false claims to be presented for payment. As with the First Affirmative Defense, the Third fails to provide the Relator with even remotely specific or factual particularity sufficient to give fair notice of the defense. In addition, federal courts in Texas have specifically disavowed this sort of affirmative defense because, *inter-alia,* it does not provide the Plaintiff "with enough factual specificity to give the plaintiff 'fair notice' of the defense." *Willins v. Credit Sols. of Am., Inc.,* No. 3:09-cv-1025-M, 2010 U.S. Dist. LEXIS 15756, at *3 (N.D. Tex. Feb. 23, 2010). As such, an assertion of fact purporting to be an affirmative defense that only offers a barebones "formulaic recitation of the elements of a cause of action", as the Defendants have offered here, should be stricken. *Id.*

**D.     Defendants' Fourth Affirmative Defense Fails as a Matter of Law**

The Defendants' Fourth Affirmative Defense asserts: "no act or omission by either Defendant was malicious, willful, wanton, reckless or made with intent to violate any statute or law".

Again, the Defendants here continue their "formulaic recitation" of certain elements of False Claims Act violations in the form of a denial of Plaintiffs' well-pled allegations that include certain intentional acts.  The Defendants' offer a barebones denial of the Relator's allegations that detail a scheme designed to present false claims for payment to the United States.  This denial is redundant of the Defendants' denials to the specific allegations in the Complaint alleging intent.  Since this defense offers no factual specificity required by law it should be stricken.

**E.     Defendants' Fifth Affirmative Defense Fails as a Matter of Law**

The Defendants' Fifth Affirmative Defense asserts: "the Amended Complaint is barred because neither Defendant knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim."

This affirmative defense fails for the same reasons as the prior affirmative defenses fail. It is redundant of both the denials to certain well-pled allegations that allege that the Defendants' malfeasance was undertaken knowingly.  It likewise supplies no factual specificity. This barebones denial purporting to be an affirmative defense should be stricken.

### F. Defendants' Sixth Affirmative Defense Fails as a Matter of Law

The Defendants' Sixth Affirmative Defense asserts:

The Amended Complaint fails to sufficiently allege materiality that any alleged fraudulent act or statement by either Defendant was material to the Government's decision to pay the allegedly fraudulent claims as required by *United Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. __, 136 S.Ct. 1989 (2016). The Amended Complaint likewise fails to sufficiently allege "factual content that allows the court to draw the reasonable inference that either defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (internal citations omitted). Escobar makes clear that the mere failure to comply with a statutory, regulatory, or contractual requirement is not actionable.

Despite being longer than the others, this defense is yet another disfavored "formulaic recitation" of certain elements of False Claims Act violations in the form of a denial. It is also a legal conclusion akin to a motion to dismiss conclusion masquerading as an affirmative defense. As this Court held in denying the Motion to Dismiss, the Complaint makes factual allegations of widespread violations sufficient to state a claim. The bare legal conclusion that the pleading requirements were not met should be stricken.

### G. Defendants' Eighth Affirmative Defense Fails as a Matter of Law

The Defendants' Eighth Affirmative Defense asserts: "to the extent that any Medicare benefits were overpaid to either Defendant, any damages should be offset by the value of goods provided."

The "offset" defense is insufficient as a matter of law in False Claims Act cases because any amount received from the Government under false premises subjects the company that is fraudulently billing the Government to False Claims Act liability. There simply is no offset for the value of goods provided that takes place at the end of a False

Claims Act case, as might happen if it were the patient directly suing a medical provider for being personally overbilled. As the Seventh Circuit explained,

> [Defendant] did not furnish any medical service to the United States. The government offers a subsidy (from the patients' perspective, a form of insurance), with conditions. When the conditions are not satisfied, nothing is due. Thus the entire amount that [Defendant] received on these [false] claims must be paid back. Now it may be that, if the patients had gone elsewhere, the United States would have paid for their care. Or perhaps the patients, or a private insurer, would have paid for care at [Defendant's facility] had it refrained from billing the United States. But neither possibility allows [Defendant] to keep money obtained from the Treasury by false pretenses, or avoid the penalty for deceit.

*United States v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008).[2]

Because offset is a legally insufficient defense, the Eighth Affirmative Defense should be stricken.

### H. Defendants' Ninth Affirmative Defense Fails as a Matter of Law

The Defendants' Ninth Affirmative Defense asserts: "Defendants are not legally responsible for any acts or omissions alleged that were undertaken by employees, subcontractors, or others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, or without the knowledge of persons having legally sufficient levels of responsibility or authority within the Defendants' companies."

Again in the face of Relator's specific allegations, the Defendants have offered a vague defense unsupported by any actual factual allegations. Relator alleges a practice of falsifying documents and billing records (and blatantly improper procedures such as dual

---

[2] The Fifth circuit has used similar reasoning (while citing *Rogan*) to conclude that offset is inappropriate where the government was not the intended beneficiary of the services. *See Hill v. FCC*, 496 F. App'x 396, 404 (5th Cir. 2012) at Note 14.

record keeping of supporting documentation), and further alleges facts showing that these practices were likely done with the knowledge of the Defendants' managers. At the very least, the Defendants should be required to amend this defense to articulate how this scheme was perpetrated secretly, and to identify how high up the chain knowledge of the schemes went, so that they can allege the defense that "persons having legally sufficient levels of responsibility or authority" were kept in the dark.  Defenses, like factual allegations in a complaint, must provide sufficient information to give the plaintiff fair notice of their factual support.  *See Conley*, 355 U.S. 41, 47 (1957), and *Hill Country Bakery*, 2017 U.S. Dist. LEXIS 221761, at *12.

> I. **Defendants' Reservation of Rights Affirmative Defense is Improper and Should be Stricken**

"[A] party cannot reserve the right to assert other affirmative defenses in the future. Rather, for a defendant to add an affirmative defense, the defendant must amend its pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. Rule 15; *see Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765 (5th Cir. 1999)". *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 U.S. Dist. LEXIS 114756, at *7-8 (S.D. Tex. July 24, 2017).  This reservation of rights defense must be stricken here as "unnamed future defenses are, by definition, beyond the cognizance of the opposing party, because they are devoid of any articulation at all. *See Woodfield*, 193 F.3d at 362." *Id.*

## IV. CONCLUSION

For the reasons stated herein, the Defendants' Affirmative Defenses should be stricken.

Respectfully submitted,

**DAVID TOY LAW FIRM**

*/s/ David S. Toy*
David S. Toy
Texas SBN 24048029 / SDTX ID 588699
4309 Yoakum Boulevard, Suite 2050
Houston, TX 77006
Telephone:    713-322-7911
Email:        david.toy@davidtoylaw.com

**OF COUNSEL:**

**DAVID TOY LAW FIRM**

**DO CAMPO & THORNTON, P.A.**
John Thornton (admitted *pro hac vice*)
Chase Bank Building
150 S.E. Second Ave., Ste. 602
Miami, FL 33131
Telephone:    305 358 6600
Facsimile:    305 358 6601
Email:        jt@dandtlaw.com

***Attorneys for Qui tam Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF NEF at the time of filing hereof on this 20th day of July 2021, in accordance with the Federal Rules of Civil Procedure.

*/s/ David S. Toy*
David S. Toy