IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | * | |
| BONNIE ELSDON, | * | |
| *Qui tam* Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No.: 4:18-cv-01766 |
| U.S. PHYSICAL THERAPY, INC., *et al.* | * | |
| Defendants. | * | |
| | * | |
| | * | |

## DEFENDANTS' OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendants, U.S. Physical Therapy, Inc. and The Hale Hand Center, Limited Partnership (collectively, Defendants), hereby respond as follows in Opposition to Relator Bonnie Elsdon's Motion to Strike Affirmative Defenses (the "Motion to Strike," ECF No. 38):

**I. INTRODUCTION**

Motions to strike affirmative defenses are heavily disfavored and rarely granted in the Fifth Circuit. *E.g.*, *Deaf Interpreter Servs., Inc. v. Webbco Enters., L.L.C.*, No. SA:13-CV-867-OLG, 2014 WL 12489609, at *3 (W.D. Tex. June 30, 2014) (collecting cases). It is easy to see why. They burden the Court "with the time-consuming task of analyzing a number of affirmative defenses" in the abstract at the outset of a case. *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 419 (S.D. Tex. 2014). They needlessly "prolong pre-discovery motion practice" and "cause[] considerable delay and expense for the parties and the Court." *Id.* This is despite the fact that "the lenient 'fair notice' standard" applied by the majority of Fifth Circuit courts to determine the sufficiency of defenses raised in the answer "means many of the attempts

to strike affirmative defenses will fail." *Id.* In fact, courts in this Circuit recognize that striking an affirmative defense is a "drastic remedy" and warranted only when (1) the defense "cannot, as a matter of law, succeed under any circumstance," *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 148 (S.D. Miss. 2018) (quoting *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013)), <u>and</u> (2) there is "a showing of prejudice to the moving party," *id.* (quoting *Conn v. United States*, 823 F.Supp.2d 441, 446 (S.D. Miss. 2011)).

Relator has plainly failed to satisfy this standard here, and the Court should deny her Motion to Strike. At the threshold, a plaintiff is not entitled to have a non-prejudicial defense stricken. *Deaf Interpreter Servs.*, 2014 WL 12489609, at *3 (citing *EEOC v. LHC Grp. Inc.*, No. 1:11CV355-LG-JMR, 2012 WL 3242168, at *3 (S.D. Miss. Aug. 7, 2012)). Relator does not argue anywhere in her motion that she has or will suffer any prejudicehere. That alone mandates the denial of the Motion to Strike.

Beyond that, Relator has failed to show that Defendants' defenses at issue "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479. Relator raises various complaints about the sufficiency of certain of Defendants' defenses: (1) absence of factual detail; (2) rejection of the defense in this Court's motion to dismiss order; or (3) unavailability under the False Claims Act. As demonstrated herein, Fifth Circuit authority does not support Relator's call for striking in the circumstances of this case. Many of the challenged defenses simply underscore Relator's burden to prove each element of her claims; while others involve questions of law or fact that have not been resolved at this early stage of litigation, when the parties have conducted no discovery and there is no factual record. *See Blount*, 328 F.R.D. at 148, 151. The Fifth Circuit has instructed that, in these circumstances, courts should defer striking and leave the sufficiency of the defenses for determination on the merits. *Augustus v. Bd. of Pub. Instruction*

2

*of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Aldridge on behalf of United States v. Cain*, No. 1:16-CV-369 HTW-LRA, 2017 WL 6389659, at *3 (S.D. Miss. Dec. 14, 2017) (refusing to strike 37 affirmative defenses in False Claims Act case). Here, the Court should deny Relator's Motion to Strike in its entirety.

## II. BACKGROUND

On January 23, 2019, Relator Bonnie Elsdon filed her Amended Complaint (ECF No. 5), the operative complaint in this case. Relator alleges four counts for violations of the False Claims Act. The Government has declined to intervene.

Defendants[1] moved to dismiss the Amended Complaint in November 2019. (ECF No. 16). Although the Court denied the motion in November 2020 (ECF No. 29), the parties did not receive notice of the ruling. Promptly after Defendants learned about that ruling, they jointly filed an Answer and Affirmative Defenses on June 29, 2021. (ECF No. 30). Before any discovery commenced, Relator immediately moved to strike eight of the nine Affirmative Defenses asserted, as well as the Defendants' reservation of rights in the Answer. (ECF No. 38). Relator's Motion to Strike should be denied in its entirety for multiple reasons.

## III. LEGAL STANDARD FOR MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. Motions to Strike Affirmative Defenses.

Although the Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," FED. R. CIV. P. 12(f), it is well established in the Fifth Circuit that striking is a "drastic remedy" that is disfavored and used sparingly. *See*, *e.g.*, *Kaiser Aluminum & Chem. Sales, Inc.*

---

[1] The Amended Complaint named USPT and Hale, as well as U.S. Physical Therapy, Ltd., Rehab Partners #2, and Suzanne Hale as Defendants. Relator has voluntarily dismissed the latter three parties from this case, and so they are no longer Defendants and did not answer the Amended Complaint.

*v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fl.*, 306 F.2d 862, 868 (5th Cir. 1962) ("A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."); *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). The moving party bears a "heavy burden" of establishing that striking the defenses at issue is appropriate. *Alba-Cruz v. Ard*, No. CV 17-62-JWD-EWD, 2017 WL 2362010, at *2 (M.D. La. May 31, 2017); *see also Harrison Co. v. A-Z Wholesalers, Inc.*, No. 3:19-cv-1057-B, 2020 WL 1986459, at *2 n.2 (N.D. Tex. Apr. 27, 2020) (movant bears the "burden to show why the defenses should be stricken").

The striking of affirmative defenses is only warranted in narrow circumstances not present here. First, striking is not appropriate unless the moving party shows that the defense "cannot, as a matter of law, succeed under any circumstance." *Blount*, 328 F.R.D. at 148 (quoting *Renda*, 709 F.3d at 479). In fact, a court must *deny* a motion to strike defenses if there is <u>any</u> question of law or fact. *Id.*; *Augustus*, 306 F.2d at 868 ("A disputed question of fact cannot be decided on motion to strike."); *accord Shaw v. Ciox Health, LLC*, No. CV 19-14778, 2021 WL 411451, at *1 (E.D. La. Feb. 5, 2021).

Second, a motion to strike generally should not be granted "absent a showing of prejudice to the moving party." *Id.* (quoting *Conn v. United States*, 823 F.Supp.2d 441, 446 (S.D. Miss. 2011)). "[E]ven when technically appropriate and well-founded, motions to strike are not [to] be granted in the absence of a showing of prejudice to the moving party." *E.g.*, *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-CV-601-O, 2016 WL 9244825, at *2 (N.D. Tex. June 29, 2016) (internal quotation marks and citation omitted). Otherwise, wasteful litigation arises. § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (reiterating this standard and noting that "motions to strike on these

4

grounds are not favored, often being considered 'time wasters'"). Ultimately, whether to grant a motion to strike is within the trial court's sound discretion. *E.g.*, *Shaw*, 2021 WL 411451, at *1.

Here, Relator's Motion to Strike fails to meet these exacting standards, amounts to needless litigation, and, accordingly, should be denied.

### B. Pleading Standards for Affirmative Defenses.

Federal Rules of Civil Procedure 8 and 12 address pleading requirements for affirmative defenses. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including" eighteen specifically named defenses. FED. R. CIV. P. 8(c)(1). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Finally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

Although the Fifth Circuit has not directly addressed whether the heightened pleading standards now applicable to complaints (following the Supreme Court's seminal decisions in *Twombly* and *Iqbal*) apply to affirmative defenses, persuasive authority within the Fifth Circuit, and particularly from the Southern District of Texas, "weighs heavily in favor of finding that affirmative defenses are subject to a fair notice pleading standard." *Morgan v. Goodman Mfg. Co., L.P.*, No. 4:19-CV-00850, 2021 WL 1169390, at *9-10 (S.D. Tex. Mar. 10, 2021), *report and rec. adopted*, 2021 WL 1166756 (S.D. Tex. Mar. 26, 2021); *see also Patai v. Marquez Constr. & Maint.*, No. MO:19-CV-281-DC, 2021 WL 1432698, at *2 (W.D. Tex. Mar. 2, 2021) (collecting cases to support finding that Fifth Circuit has indicated that fair notice standard is appropriate pleading standard for affirmative defenses after *Twombly* and *Iqbal*).

The "fair notice" standard requires that affirmative defenses must provide "enough specificity or factual particularity to give 'fair notice' of the defense that is being advanced." *T.R.M. v. GlaxoSmithKline LLC*, No. 4:14-CV-00452, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015) (quoting *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair notice." *McNeely v. Trans Union LLC*, No H-18-849, 2019 WL 338127, at *2 (S.D. Tex. Jan. 28, 2019); *accord Morgan*, 2021 WL 1169390, at *10 (finding barebones defense that plaintiff "failed to mitigate his alleged damages" meets that lenient "fair notice" standard despite lack of factual support).

## IV. ARGUMENT

### A. Relator Fails to Allege, Much Less Demonstrate, Prejudice.

The Court should deny Relator's Motion to Strike because she has not demonstrated any prejudice from the affirmative defenses or reservation of rights challenged therein. In fact, far from demonstrating prejudice "convincingly" to justify her request to strike Defendants' affirmative defenses, *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011), Relator's Motion fails to even *mention* prejudice. (*See generally* ECF No. 38). *See LHC Grp.*, 2012 WL 3242168, at *3 (denying motion to strike where plaintiff "d[id] not attempt to show how it will be prejudiced if [any] defense is not stricken").

It is well settled that affirmative defenses should not be stricken "absent a showing of prejudice to the moving party." *E.g.*, *Blount*, 328 F.R.D. at 148. "Prejudice results where [an] allegation or defense would have the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Polk v. Peraza*, No. 1:18-cv-59-HSO-JCG, 2018 WL 6729990, at *4 (S.D. Miss. Dec. 21, 2018) (quoting *Certain Underwriters at*

6

*Lloyd's Subscribing to Policy No. TCN034699 v. Bell*, No. 5:13-CV-113-DCB-MTP, 2014 WL 4546046, at *4 (S.D. Miss. Sept. 11, 2014)). In addition, "to be prejudicial, the defense must hamper a party's ability to try their case." *Id.* (denying motion to strike and rejecting plaintiff's claim that having to conduct unnecessary discovery is sufficiently prejudicial).

Nowhere in the Motion to Strike does Relator assert that she is prejudiced by any of the affirmative defenses at issue. Nor could she convincingly allege prejudice, as this case is in its early stages and discovery has not even begun. *See Cain*, 2017 WL 6389659, at *3 (denying motion to strike where discovery had just begun in False Claims Act case); *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 421 (S.D. Tex. 2014) (noting relator could flesh out specifics of public disclosure affirmative defense through interrogatories and denying motion to strike in False Claims Act case); *see also Solis v. Bruister*, No. 4:10CV77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (explaining courts prefer to determine sufficiency of defenses after discovery and a hearing on the merits).

The filing of a similar motion in the early stage of the litigation contributed to a Mississippi district court's recent refusal to strike affirmative defenses in a False Claims Act case. *See Cain*, 2017 WL 6389659, at *3. The *Cain* Court rejected the Government's argument that all 45 affirmative defenses were prejudicial because the defendants had begun to seek discovery that it claimed was "predicated on affirmative defenses that lack factual support;"

> This case is largely undeveloped. The Defendants should have the opportunity to wage affirmative defenses. The court sees no undue prejudice or burden to the government and the government has fair notice of what the Defendants are seeking, especially after the hearing on the motions where these defenses were discussed one by one. The court would rather err on the side of caution and allow a questionable defense to be presented that might turn out to be a valid defense. This motion, in the current posture of this litigation, must be denied.

*Id.* (denying the government and relator's motions to strike affirmative defenses). Similarly, here, the lack of any prejudice alone dictates that Relator's Motion be denied.

> **B. Defendants' Affirmative Defenses Are Adequately Pled And Proper Under Fifth Circuit Precedent.**

Defendants are entitled to assert defenses, and their affirmative defenses are proper. Relator argues that certain affirmative defenses must be stricken for three reasons. First, Relator contends that the First, Second, Third, Fourth, Fifth, Sixth, and Ninth defenses fail to satisfy the applicable pleadings standards because they are "boilerplate" or lack factual detail, and thus fail to provide fair notice. Second, Relator suggests that certain defenses, namely the Third and Sixth, were already rejected by the Court in its motion to dismiss order. Third, Relator contends that the Eighth Affirmative Defense is legally insufficient because it is unavailable for False Claims Act claims. Each of these arguments fails.

> **1. Defendants' Affirmative Defenses Provide Fair Notice.**

Pursuant to Fifth Circuit precedent, Defendants are only required to give fair notice of their defenses. Detailed factual assertions are not required, and the fair notice pleading requirement is met if the defendant sufficiently articulates defenses so that the plaintiff is not a victim of unfair surprise. *Woodfield*, 193 F.3d at 362. In some instances, like here, fair notice can be satisfied by "merely pleading the name of some affirmative defenses." *McNeely*, 2019 WL 338127, at *2; *accord Morgan*, 2021 WL 1169390, at *10 (finding barebones defense that plaintiff "failed to mitigate his alleged damages" meets that lenient "fair notice" standard despite lack of factual support).

Relator's Motion to Strike is premature for the same reason. Discovery has not begun, and no written discovery has been propounded by either party. Attempting to determine whether any of Defendants' defenses should be stricken while the case is still in its infancy and lacks any

factual record is improper. *Augustus*, 306 F.2d at 868. Nevertheless, even at this early stage, Defendants' affirmative defenses withstand the only test they must: they give Relator "fair notice of the nature of the defense." *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987); *Woodfield*, 193 F.3d at 362. Defendants' defenses satisfy this burden. The claims asserted in this lawsuit all relate to alleged improper billing to and reimbursement from Medicare and TRICARE for occupational therapy services. (*See generally* ECF No. 6). Each of Defendants' defenses addresses a specific aspect of these claims and appropriately put Relator on notice of the defense. Defendants' Answer is only required only to provide notice of their affirmative defenses, not substantiate them.

In sum, Relator has not shown — and cannot show — that these affirmative defenses "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479. Moreover, as is clear from Relator's Motion to Strike, these defenses concern disputed issues of materials fact and law, which render it more appropriate to decline striking the affirmative defenses and leave them for discovery and determination on their merits. *See Augustus*, 306 F.2d at 868. For this reason, Relator's request to strike these affirmative defenses is also premature on this undeveloped factual record. *See Cain*, 2017 WL 6389659, at *3.

Nonetheless, Defendants will briefly address in turn Relator's claims that their First, Second, Third, Fourth, Fifth, Sixth, and Ninth Affirmative Defenses fail to provide fair notice.

Relator raises the same complaints about the First and Second defenses, and they fail for the same reasons. Defendants' **First Affirmative Defense** relies on their compliance with applicable laws.[2] Relator argues that this defense is merely a denial of her "well-pled"

---

[2] The **First Affirmative Defense** appropriately provides, "Relator's claims are barred because each Defendant, at all times relevant hereto, complied with all applicable laws and regulations." (ECF No. 30, at 21).

allegations and lacks factual specificity. (ECF No. 38, p. 5). The sufficiency of her unverified allegations of are no import at this stage; a disputed question of fact or law cannot be decided on a motion to strike. *See Augustus*, 306 F.2d at 868. For example, as Defendants already explained in their Motion to Dismiss, despite Relator's conclusory assertion that Defendants' conduct violated Medicare billing and reimbursement rules (which was assumed to be true under Rule 12(b)(6)), Defendants have pointed to publicly available guidance from Centers for Medicare & Medicaid Services ("CMS") that confirms that Defendants' alleged conduct — namely, the use of one-on-one treatment codes while another patient is present — can be used appropriately. (ECF No. 29, p. 7). This defense presents more than a mere denial.[3] Relator has all of the tools of discovery at her disposal to flesh out this defense. *See Citizens Med. Ctr.*, 302 F.R.D. at 421. Moreover, Relator fails to demonstrate that there is no circumstance in which this defense could be successful. *See Renda*, 709 F.3d at 479.

Defendants' **Second Affirmative Defense** raises Defendants' good faith and reasonable intent giving rise to their conduct in complying with applicable laws.[4] Like the First Affirmative Defense, the answer sufficiently puts Relator on notice of the nature of Defendants' defense at this early stage in the case and no effort has been made to show that the defense cannot be successful once discovery is undertaken. Moreover, even Relator's Motion recognizes that striking these defenses would not significantly narrow the issues in this case because

---

[3] To the extent that a defense appears to be a specific denial, the Court has discretion to treat it as a denial without striking the affirmative defense at this stage. *See, e.g., United States v. BayCare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 7232445, at *1 (M.D. Fla. Apr. 14, 2016) (quoting *Muschong v. Millennium Physician Grp., LLC*, 2014 WL 3341142, at *2 (M.D. Fla. July 8, 2014) ("[T]he Court will not strike the . . . [a]ffirmative [d]efense but treat it as a denial."

[4] The **Second Affirmative Defense** appropriately provides: "Relator is barred from obtaining relief against either Defendant because each Defendant's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law." (ECF No. 30, at 21).

Defendants' Answer has also denied her allegations that they behaved illegally or in violations of specific laws. (*See* ECF No. 38, p. 5). *See E.E.O.C. v. Poplar Springs Nursing Ctr.*, No. 4:08CV112TSL-LRA, 2009 WL 387335, at *1 (S.D. Miss. Feb. 13, 2009) (denying motion to strike where plaintiff failed to show that granting motion would significantly narrow the issues in the case).

With respect to the **Third, Fourth**, **Fifth, and Sixth Affirmative Defenses**, Relator's objection that these are "formulaic recitation of the elements of a cause of action" is misplaced.[5] The 2009 case on which Relator relies, *Willins v. Credit Solutions of America, Inc.*, applied the heightened pleading standards in *Twombly* to affirmative defenses. *See* No. CIV. A. 309-CV-1025, 2010 WL 624899, at *1 (N.D. Tex. Feb. 23, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the great weight of authority in this Circuit and

---

[5] Defendants' **Third Affirmative Defense** appropriately provides: "The Amended Complaint is barred because neither Defendant knowingly presented or caused a false or fraudulent claim to be presented for payment or approval." (ECF No. 30, at 21). The **Fourth Affirmative Defense** appropriately provides: "No act or omission by either Defendant was malicious, willful, wanton, reckless or made with intent to violate any statute or law." *Id.* The **Fifth Affirmative Defense** appropriately provides: "The Amended Complaint is barred because neither Defendant knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim." *Id.* The **Sixth Affirmative Defense** appropriately provides:

> The Amended Complaint fails to sufficiently allege materiality that any alleged fraudulent act or statement by either Defendant was material to the Government's decision to pay the allegedly fraudulent claims as required by *United Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. __, 136 S.Ct. 1989 (2016). The Amended Complaint likewise fails to sufficiently allege "factual content that allows the court to draw the reasonable inference that either defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (internal citations omitted). Escobar makes clear that the mere failure to comply with a statutory, regulatory, or contractual requirement is not actionable.

*Id.* at 21-22.

this District disagrees and instead holds affirmative defenses to the more lenient "fair notice" standard. *See, e.g.*, *Morgan*, 2021 WL 1169390, at *9-10; *Patai*, 2021 WL 1432698, at *2.

To the extent that Relator further claims these affirmative defenses are insufficient because they lack factual detail, persuasive precedent in this Circuit supports the contrary conclusion. Pursuant to Fifth Circuit precedent, Defendants are only required to give fair notice of their defenses. Detailed factual assertions are not required, and the fair notice pleading requirement is met if the defendant sufficiently articulates the nature of the defense so that the plaintiff is not a victim of unfair surprise. *Woodfield*, 193 F.3d at 362. Relator's motion clearly recognizes that these defenses raise material disputed issues of fact and law about the existence of the requisite elements of her False Claims Act counts, which will undoubtedly be the subject of discovery in this suit, and thus precedent compels that these issues should not be decided on a motion to strike. *See Augustus*, 306 F.2d at 868. There is no need to resolve any of these challenges now, particularly given that Relator has not claimed prejudice from these defenses remaining in the litigation. *See LHC Grp.*, 2012 WL 3242168, at *3.

Likewise, Defendants **Ninth Affirmative Defense**, which raises the defense that Defendants are not liable for unauthorized acts of Defendants' employees, is not properly subject to striking.[6] Relator's complaint that the defense is "vague" is unavailing. Courts have been

---

[6] Defendants' **Ninth Affirmative Defense** appropriately provides:

> Defendants are not legally responsible for any acts or omissions alleged that were undertaken by employees, subcontractors, or others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, or without the knowledge of persons having legally sufficient levels of responsibility or authority within the Defendants' companies.

*Id.* at 22.

hesitant to strike a defense, "particularly when a defendant may not have had ample opportunity to prove his allegations that the defense might succeed on the merits." *Landry-Bell v. Various, Inc.*, No. Civ. A. 05-1526, 2006 WL 1207920, at *1 (W.D. La. Apr. 24, 2006) (quoting *Owens v. UNUM Life Ins. Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003)). Not surprisingly, motions to strike defenses filed before discovery commences are considered premature because "[d]iscovery will provide plaintiff with adequate opportunity to obtain specific details of the factual predicates of the defenses." *Pan-Am. Life Ins. Co. v. Gill*, No. CIV. A. 89-5371, 1990 WL 58133, at *2 (E.D. La. Apr. 27, 1990). Here, Relator's motion demonstrates that she understands the nature of ythe defense raised and clearly knows which questions to ask in discovery.

At bottom, there is no point in striking these defenses and no prejudice to Relator at this stage of the case because each of Defendants' defenses provide the requisite fair notice. *See Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. CV H-16-3696, 2017 WL 3130581, at *2 (S.D. Tex. July 24, 2017 ("[S]triking the defense from the defendants' answer would be pointless because Joe Hand is not at risk of prejudicial harm"). The Court should deny Relator's Motion accordingly.

### 2. The Court's Order on Defendants' Motion to Dismiss Did Not Rule on the Merits of Any Affirmative Defense.

Relator also suggests that certain affirmative defenses, particularly the Third and Sixth Affirmative Defenses, should be stricken because that the Court purportedly rejected them in denying Defendants' motion to dismiss the Amended Complaint. (*See* ECF No. 38, pp. 6, 8). This misses the mark. The Court did not rule on the merits of Relator's allegations or Defendants' affirmative defenses when it denied the motion to dismiss; it simply ruled that Relator's allegations satisfied the initial pleading requirements when those allegations were assumed to be true. (ECF No. 30). *See Shaw*, 2021 WL 411451, at *2 (finding the court's

partial denial of defendant's motion to dismiss was not sufficient justification to strike affirmative defenses). Of course, Relator must still prove her allegations and each disputed element of each alleged violation at trial. Until she does, there is no basis for striking defenses thus far tested under Rule 12(b)(6) alone. Thus, to the extent Relator argues that defenses were necessarily rejected by the Motion to Dismiss, her request to strike these defenses should be denied. These defenses are plainly still viable in these circumstances, and Relator has not shown otherwise.

### 3. Defendants' Eighth Affirmative Defense Is Legally Sufficient.

In addition, Relator fails to demonstrate that Defendants' Eighth Affirmative Defense is legally insufficient and unavailable in False Claims Act cases. (See ECF No. 38, p. 9). Defendants' **Eighth Affirmative Defense** appropriately provides: "To the extent that any Medicare benefits were overpaid to either Defendant, any damages should be offset by the value of goods provided." (ECF No. 30, at 22). Relator rests on one Seventh Circuit case and one Fifth Circuit footnote, neither of which concerned affirmative defenses and neither of which held that set-off is not available under the False Claims Act as a matter of law. (ECF No. 38, p. 9 (citing *Hill v. FCC*, 496 F. App'x 396, 404 n.14 (5th Cir. 2012) and quoting *United States v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008)). Indeed, other courts have ruled that striking the affirmative defense of set-off in a False Claims Act case was improper at the start of the case. *See United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 7 (D.D.C. 2015).

Relator has failed to meet her burden of demonstrating that there are no circumstances under which this defense could succeed and that she is prejudiced by the inclusion of this defense. Accordingly, Relator's Motion should be denied as the Eighth Affirmative Defense.

### C. Defendants' Reservation of Rights Is Not An Affirmative Defense.

Finally, Defendants appropriately included a reservation of their rights "to amend their Answer to allege additional defenses if subsequent investigation so warrants." (ECF No. 30, at 22). Fifth Circuit precedent supports that Defendants' reservation of rights is not an affirmative defense and is not subject to striking. *See Mosser v. Aetna Life Ins. Co.*, No. 415CV00430ALMKPJ, 2018 WL 3301808, at *5 (E.D. Tex. Mar. 9, 2018), report and recommendation adopted, No. 4:15-CV-00430, 2018 WL 1517032 (E.D. Tex. Mar. 28, 2018); *Moore v. BASF Corp.*, No. CIV.A.11-1001, 2012 WL 4794319, at *3 (E.D. La. Oct. 9, 2012); *Solis v. Bruister*, No. 4:10CV77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012). Moreover, Relator is not prejudiced — and has not even claimed to be prejudiced — by its inclusion. (*See* ECF No. 38, at 10).

It is not necessary to strike a defendant's reservation of the right to assert additional affirmative defenses because "a reservation of rights within an answer is essentially meaningless and does not prejudice Plaintiff in any way; nor does it confer on Defendant a right to amend without the Court's approval." *Mosser*, 2018 WL 3301808, at *5 (citing *United States v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *5 (S.D. Fla. May 17, 2016)). To be clear, Defendants acknowledge that they are bound by the requirements and conditions in the Federal Rules of Civil Procedure and imposed by this Court pertaining to possible future amendments of their Answer. Defendants' reservation in their Answer merely intended to put Relator on notice that, given the early pre-discovery posture of this action, they may seek leave to raise additional affirmative defenses if their investigation subsequently uncovers support for additional defenses. Defendants did not intend to suggest an ability or intent to circumvent the Rules. In light of this acknowledgment, there is no need to strike the reservation of rights as a "defense." *Solis*, 2012

WL 776028, at *7; *accord Moore*, 2012 WL 4794319, at *3 (finding that a reservation of rights is not an affirmative defense that must be specifically identified and thus declining to strike reservation of rights). *But see Joe Hand Promotions*, 2017 WL 3130581, at *3 (granting *unopposed* motion to strike reservation of rights as an unnamed affirmative defense).

Because Fifth Circuit precedent does not compel the striking of Defendants' reservation of rights, particularly in light of Defendants' acknowledgment that they will adhere to the requirements and conditions of the Federal Rules of Civil Procedure and this Court, and Relator has shown no prejudice from the reservation, Relator's request to strike the reservation should be denied. *See Mosser*, 2018 WL 3301808, at *5 (denying request to strike reservation of rights).

### D. In The Alternative, Defendants Should Be Given Leave To Amend.

If the Court decides to strike any of Defendants' affirmative defenses or its reservation of rights, it should do so without prejudice and give the Defendants leave to amend. Courts applying the Rule 12(f) routinely grant defendants leave to amend. *See*, *e.g.*, *Republic Title of Tex., Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 1914635, at *4 (N.D. Tex. Apr. 27, 2015) ("Having noted the shortcomings in [some affirmative] defenses, the Court nonetheless affords Defendant leave to amend its Answer so as to correct the deficiencies"); *Schlesinger v. Hasco Thibodaux, LLC*, No. CIV.A. 13-6237, 2014 WL 527657, at *3 (E.D. La. Feb. 7, 2014) (granting a motion to strike affirmative defenses but "without prejudice to the defendant's right to seek leave to amend its answer"). If the Court finds any defense legally insufficient, it should allow Defendants a reasonably opportunity, such as fourteen days, to amend their affirmative defenses.

### V. CONCLUSION

Defendants have provided fair notice of its affirmative defenses to Relator pursuant to Fifth Circuit precedent, and Relator has failed to show that it will suffer any prejudice as a result

of the defenses. To the contrary, striking any one of them at this early juncture of this case would prejudice Defendants. Therefore, Defendants respectfully request that this Court wholly deny Relator's Motion to Strike, or, in the alternative, grant Defendants fourteen days' leave to amend any of the defenses that the Court finds insufficiently pleaded.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Ty Kelly*
Ty Kelly (admitted *pro hac vice*)
Christopher C. Dahl (admitted *pro hac vice*)
100 Light Street
Baltimore, Maryland 20202
tykelly@bakerdonelson.com
cdahl@bakerdonelson.com
Telephone: (410) 862-1049

*/s/ Michael E. Clark*
Michael E. Clark
Fed. Id. No. 1785
Texas Bar No. 04293200
1301 McKinney St., Suite 3700
Houston, Texas 77010
mclark@bakerdonelson.com
Telephone: (713) 286-7169

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On August 9, 2021, I electronically submitted the foregoing document, along with the accompanying Proposed Order, with the Clerk of Court for the United States District Court for the Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael E. Clark*
MICHAEL E. CLARK