UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES *ex rel.*
    BONNIE ELSDON,

  *Qui tam* Plaintiff,

  v.

U.S. PHYSICAL THERAPY, INC and THE HALE
HAND CENTER, LIMITED PARTNERSHIP,

  Defendants.
_____/

C.A. No. 4:18-cv-01766

JURY TRIAL DEMANDED

## **REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Qui tam* relator Bonnie Elsdon ("Relator") hereby files this Reply in Support of Motion to Strike the Affirmative Defenses [D.E. 38] respectfully showing:

**I.    Introduction**

Defendants argue from a non-False Claims Act case out of the Southern District of Mississippi, *Blount v. Johnson Controls, Inc*., 328 F.R.D. 146 (S.D. Miss. 2018), for a standard that would prevent striking defenses if they have no no impact on the Relator. *See* Opposition to Motion to Strike Affirmative Defenses [D.E. 43] at p. 2 (arguing "prejudice" standard for evaluating motions to strike affirmative defenses).

Relator has already been impacted by being made to evaluate and prepare a response to them, of course. And, Relator is harmed by the vagueness of many of the defenses in the context of a False Claims Act case against more than one defendant. Given the heightened pleading standards that Relator had to meet, "fair notice" at a minimum requires the Defendants to parse out which defendant each defense applies to for some of the plead defenses.

Further, in *Blount*, the Court still struck those defenses which wereclearly legally insufficient, as this Court should as well.

**II.      Argument**

**A.      The First and Second Affirmative Defenses**

The essence of the First and Second Affirmative Defenses is "we complied with the law, and if we did not, we were acting in good faith". "We complied" is a barebones denial that, at best, is superfluous and meaningless. Defendants seem to admit as much, but argue that there is no prejudice to the Relator from Defendants having pleaded compliance with the law. Regardless, the second part of these defenses – good faith – requires more detail in the False Claims Act context. How could the alleged conduct – which details specific, methodical practices intended to result in inflated claims made to Medicare –possibly have been an honest mistake? Did Defendants overbill because they misunderstood the coding rules? Was this a misunderstanding by Hale Hand Center, or USPT? Did they overbill because of some internal miscommunication about who was treated? Where in the chain did this miscommunication occur? Who, in which corporation, can explain the good faith errors?[1] Without more detail, these defenses are not only implausible,[2] they do not provide the Relator with fair notice of how the alleged false claims could have possibly been made in "good faith". Their lack of specificity has costs: in taking discovery, Relator must reach in the dark for the details of the allegation.

---

[1] In the two years since they were served, Defendants have had time to perform an internal investigation. One assumes that this investigation informed the decision to plead "good faith". Relator has a right to know the basis of the "good faith" allegation.

[2] These defenses as stated are akin to the shopkeeper accused of overcharging customers, who claims that he made honest mistakes in good faith, yet cannot explain why it happened repeatedly and can point to no examples of *undercharging* customers.

Defendants should be made to state the foundation for their allegation that they acted in good faith and complied with the law so that Relator can target discovery to test the substance of the allegation.

### B. The Third, Fourth and Fifth Affirmative Defenses

Defendants' Third, Fourth and Fifth Affirmative Defenses all revolve around the intent aspect of the False Claims Act. These three affirmative defenses are redundant, formulaic recitations that are simply denials of the alleged conduct, and are void of any factual specificity. Given that the nature of Relator's allegations make it implausible that the alleged false claims were somehow presented to the government unknowingly and/or without intent, the Relator is entitled to 'fair notice' of how exactly the Defendants could have somehow inadvertently utilized treatment schemes and billing practices that overbilled the government in the way that Relator's highly-detailed complaint describes. *See Willins v. Credit Sols. Of Am. Inc.,* No. 3:09-cv-1025-M, 2010 U.S. Dist. LEXIS 15756, at *3 (N.D. Tex. Feb. 23, 2010).

### C. The Sixth Affirmative Defense

The Sixth Affirmative Defense, which begins, "The Amended Complaint ***fails to sufficiently allege*** materiality . . .". (emphasis added), suffers from more than being vague – it is not an affirmative defense at all. It points to an alleged deficiency in the Complaint. It does not allege facts that would work to avoid liability, as an affirmative defense must do. As such, it is legally insufficient and should be stricken; legally insufficient defenses merit striking under any standard. *See Blount*.

Further, the charge that Relator did not allege material misrepresentations is simply not true, as this Court has already ruled. The Complaint alleges that the

3

Government was overbilled hundreds of millions of dollars.[3] In denying the Motion to Dismiss, this Court rejected the argument that the overbilling was not material in that it was *de minimus*. The affirmative defense simply repeating an already rejected motion to dismiss argument should be stricken.

### D.   The Eighth Affirmative Defense

The Eighth Affirmative Defense is offset. As shown in the Motion to Strike, it is legally insufficient. Again, legally insufficient defenses merit striking under any standard. *See Blount*.

### III.   CONCLUSION

For the reasons stated in the Motion to Strike and herein, the Defendants' Affirmative Defenses should be stricken.

Respectfully submitted,

*/s/ David S. Toy*
David S. Toy
Texas SBN 24048029 / SDTX ID 588699
DAVID TOY LAW FIRM
4309 Yoakum Boulevard, Suite 2050
Houston, TX 77006
Telephone:    713 322 7911
Email:            david.toy@davidtoylaw.com

---

[3] This case concerns overbilling, not just, for example, a false statement on a proposal that may or may not have been material.

**OF COUNSEL:**

**DO CAMPO & THORNTON, P.A.**
John Thornton (admitted *pro hac vice*)
Chase Bank Building
150 S.E. Second Ave., Ste. 602
Miami, FL 33131
Telephone:     305 358 6600
Facsimile:     305 358 6601
Email:     jt@dandtlaw.com

*Attorneys for Qui tam Relator Bonnie Elsdon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF NEF at the time of filing hereof on this 16th day of August, 2021, in accordance with the Federal Rules of Civil Procedure.

*/s/ David S. Toy*
David S. Toy