UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BONNIE ELSDON, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-CV-01766 |
| U.S. PHYSICAL THERAPY, INC., *et al.*, | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court are Relator's 12(f) Motion to Strike (the "Motion") (Doc #38), Defendants' Response (Doc. #43), and Relator's Reply (Doc. #44). Having considered the parties' arguments, submissions, and the applicable legal authority, the Court grants in part and denies in part the Motion.

Bonnie Elsdon ("Relator") brings this qui tam suit on behalf of the United States against Defendants U.S Physical Therapy, Inc. ("USPT") and Hale Hand Center, Limited Partnership ("Hale") (collectively, "Defendants") for an alleged scheme to present false claims for Medicare and Tricare payments and creating fraudulent records to support those claims. Doc. #5 ¶ 33. On November 30, 2020, this Court denied Defendants' Motion to Dismiss Relator's Amended Complaint. Doc. #29. Over six months later, on June 29, 2021, Defendants filed their answer to the Amended Complaint (the "Answer"), which asserted ten affirmative defenses. Doc. #30 at 21, 22. The affirmative defenses are:

1. Relator's claims are barred because each Defendant, at all times relevant hereto, complied with all applicable laws and regulations.

2. Relator is barred from obtaining relief against either Defendant because each Defendant's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law.
3. The Amended Complaint is barred because neither Defendant knowingly presented or caused a false or fraudulent claim to be presented for payment or approval.
4. No act or omission by either Defendant was malicious, willful, wanton, reckless or made with intent to violate any statute or law
5. The Amended Complaint is barred because neither Defendant knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim.
6. The Amended Complaint fails to sufficiently allege materiality that any alleged fraudulent act or statement by either Defendant was material to the Government's decision to pay the allegedly fraudulent claims as required by *United Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. __, 136 S.Ct. 1989 (2016). The Amended Complaint likewise fails to sufficiently allege "factual content that allows the court to draw the reasonable inference that either defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (internal citations omitted). *Escobar* makes clear that the mere failure to comply with a statutory, regulatory, or contractual requirement is not actionable.
7. The damages and/or penalties sought in the Amended Complaint are in excess of any actual damages suffered by the Government and the Complaint violates the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. The damages and/or penalties sought would constitute excessive fines, are a criminal or quasi-criminal confiscation, and are a taking of either defendant's property without due process thus violating each Defendant's due process and equal protection rights afforded under the United States Constitution.
8. To the extent that any Medicare benefits were overpaid to either Defendant, any damages should be offset by the value of goods provided.
9. Defendants are not legally responsible for any acts or omissions alleged that were undertaken by employees, subcontractors, or others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, or without the knowledge of persons having legally sufficient levels of responsibility or authority within the Defendants' companies.
10. All possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable inquiry upon the filing of this Answer and, therefore Defendants reserves the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

*Id.* Relator now moves to strike all of the affirmative defenses, with the exception of the seventh.

Doc. #38 at 2.

A motion to strike material from a pleading under Rule 12(f) allows a court to strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010). A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* When a Rule 12(f) motion to strike challenges the sufficiency of an affirmative defense, "the standards for the Rule 12(f) motion and a Rule 12(b)(6) motion to dismiss are 'mirror image[s.]'" *Id.* at *9. Although such a motion is generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1058 (5th Cir.1982).

A "defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced . . . so that the plaintiff [is] not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A "'boilerplate' defensive pleading is insufficient under Federal Rule of Civil Procedure 8(c)." *Id.* at 361; *see also Willins v. Credit Sols. of Am., Inc.*, No. 3:09-CV-1025-M, 2010 WL 624899, at *1 (N.D. Tex. 2010) (striking affirmative defense that was "boilerplate assertion devoid of factual support").

Defendants argue that the Motion should be denied because Relator has failed to demonstrate prejudice. Doc. #43 at 6. However, there is inherent prejudice to the movant when the affirmative defenses do not meet the "fair notice" standard required by law. *See Woodfield*, 193 F.3d at 362. Without a foundational understanding of Defendant's allegations, Relator would have to reach in the dark during discovery, resulting in excessive discovery costs. Therefore, the

Court finds that the vagueness with which Defendants have asserted at least some of their affirmative defenses does prejudice Relator.

As to the first two affirmative defenses, Defendants' barebone assertion that they complied with all laws and operated in good faith, without any factual allegations, does not meet the fair notice standard. However, the Court finds that Defendants' third, fourth, and fifth affirmative defenses, which focus on the level of intent, enable Relator to appropriately anticipate and plan for discovery. The Court further finds the sixth affirmative defense to be insufficient because it points to an alleged deficiency in the Amended Complaint instead of alleging facts that would work to avoid liability, as an affirmative defense must do. *Germain v. US Bank Nat'l Ass'n as Tr. for Morgan Stanley Mortg. Loan Tr. 2006-7*, 920 F.3d 269, 273 (5th Cir. 2019).

Relator also moves to strike the eighth affirmative defense as legally insufficient for a False Claims Act ("FCA") case, relying on 7th Circuit precedent that neither concerns affirmative defenses nor holds that a set-off is unavailable under the FCA as a matter of law. *See* Doc. #38 at 8 and *U.S. v. Rogan*, 517 F.3d 449 (7th Cir. 2008). Because the eighth affirmative defense contains enough specificity and particularity to give Relator fair notice of the defense that is being advanced and evaluating the merits of the defense at this stage would be premature, the Court finds the eighth affirmative defense to be sufficient. *See Woodfield*, 193 F.3d at 362. As to ninth affirmative defense, Relator's motion demonstrates that she understands the nature of the defense raised and what questions to ask in discovery. Doc. #38 at 10. As such, the Court finds that the ninth affirmative defense sufficiently gives Relator fair notice of the defense being advanced.

Lastly, as to the tenth affirmative defense, an attempted reservation of rights, a "party cannot reserve the right to assert other affirmative defenses in the future." *See Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. CV H-16-3696, 2017 WL 3130581, at *3 (S.D. Tex. July 24,

2017). Given Defendant's characterization of this final affirmative defense as "essentially meaningless," it is within the Court's discretion to strike it as "immaterial." Doc. #43 at 15; *Zytax*, 2010 WL 2219179, at *5.

For the foregoing reasons, Relator's Motion is GRANTED IN PART and DENIED IN PART. The Motion is granted with respect to the first, second, sixth, and tenth affirmative defenses and denied as to the third, fourth, fifth, eight, and ninth affirmative defenses. The sixth and tenth affirmative defenses are DISMISSED WITH PREJUDICE. The first and second affirmative defenses are DISMISSED WITHOUT PREJUDICE. Defendants may file an amended answer within ten (10) days from the entry of this Order.

It is so ORDERED.

NOV 3 0 2021
Date

The Honorable Alfred H. Bennett
United States District Judge